IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHON GARRISON,
CORA GARRISON, and
PROGRESSIVE AMERICAN INSURANCE
COMPANY,

      Plaintiffs,

v.                                                                            No. 22-cv-91 MV/JHR

JASON J. MOORE,
dba MOORE'S AUTO SALES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion for Partial Summary Judgment Re: Liability ("Plaintiffs' Motion") [Doc. 30]. The Court, having considered the Motion and relevant law, finds that the Motion is premature and thus will defer consideration of the Motion, consistent with this Memorandum Opinion and Order.

## BACKGROUND

Jonathon and Cora Garrison purchased a 2021 Thor Challenger Motor Coach (the "RV") on January 15, 2021. Doc. 30 ¶ 1. The RV was insured by Progressive American Insurance Company ("Progressive"). *Id.* ¶ 2. While the Garrisons were in New Mexico, the engine of the RV began to misfire. *Id.* ¶ 4. The Garrisons hired Defendant Moore's Auto Sales ("MAS") to repair the engine. *Id.* ¶ 5. An MAS mechanic came to the RV park where the Garrisons were staying and worked on the RV. *Id.* ¶ 6. The Garrisons did not drive the RV until two days later, on April 30, 2021. *Id.* ¶ 7. After approximately one hour of driving, the RV caught on fire. *Id.* ¶¶

1

8-9. Ross Ott, an expert retained by Progressive to investigate the cause of the fire, concluded that the fire originated in the engine compartment of the RV and that the MAS mechanic had improperly installed a fuel injector, causing the fuel injector to leak gasoline which then was ignited by one or more of the various heated engine components. *Id.* ¶¶ 14-19.

On February 9, 2022, the Garrisons and Progressive (collectively, "Plaintiffs") commenced the instant action, asserting in their Complaint claims against MAS of negligence, breach of implied warranty, and products liability. Doc. 1. MAS filed its Answer on April 7, 2022. Doc. 7. On May 10, 2022 and May 13, 2022, respectively, Plaintiffs and MAS served Initial Rule 26 Disclosures. *See* Doc. 9, 13. Plaintiffs supplemented their Disclosures on June 25, 2022, and again on August 11, 2022. *See* Docs. 16, 27. On July 29, 2022, the Court issued an Initial Scheduling Order, setting deadlines for the parties' initial planning meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Doc. 22. Pursuant to the Initial Scheduling Order, the parties conferred and agreed, *inter alia*, to a fact and expert discovery deadline of May 10, 2023. The parties memorialized their agreement in a Joint Status Report submitted to the Court on September 8, 2022. Doc. 29. The Joint Status Report indicates that Plaintiffs had already identified their expert witness and disclosed his report, and that MAS had until March 10, 2023 to identify its expert(s). *Id.*

Based on Mr. Ott's conclusion that the RV fire was caused by the MAS mechanic's improper installation of a fuel injector, on September 15, 2022, Plaintiffs filed the instant Motion under Rule 56(a) of the Federal Rules of Civil Procedure. Doc. 32. Plaintiffs ask the Court to grant judgment in their favor as a matter of law on their negligence and breach of implied warranty claims. MAS filed a response in opposition on September 30, 2022. Doc. 32. Invoking Rule 56(d) of the Federal Rules of Civil Procedure, MAS asks the Court to deny Plaintiffs'

Motion as premature. MAS noted that discovery had only just begun, with only Rule 26 Initial Disclosures and written discovery and evidence inspection *requests* having been completed. The parties' respective Rule 56 requests are now before the Court.

## STANDARD

On summary judgment, the court "construe[s] the factual record and the reasonable inferences therefrom in the light most favorable to the nonmoving party." *Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005). The court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party need not "produce evidence showing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rather, "the burden on the moving party may be discharged by 'showing' – that is, point out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.*; *see also Sports Unltd., Inc., v. Lankford Enter., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002) (Although "[t]he burden of showing that no genuine issue of material fact exists is borne by the moving party," when "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden by pointing to a lack of evidence for the nonmovant on an essential element of the nonmovant's claim"). Once the moving party has met this burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. In making this showing, the nonmoving party may not rely on "the mere pleadings themselves." *Id.*

If, however, the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may exercise its

discretion to "defer considering the motion or deny it," "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order." Fed. R. Civ. P. 56(d). "Unless dilatory or lacking in merit," the nonmoving party's request for additional discovery time under Rule 56(d) "should be liberally treated." *Jensen v. Redevel. Agency of Sandy City*, 998 F.3d 1550, 1554 (10th Cir. 1993). "The general principle of Rule 56([d]) is that summary judgment should be refused where the nonmoving party has not yet had the opportunity to discover information that is essential to his position." *Price ex rel. Price v. Western Res., Inc.,* 232 F.3d 779, 783 (10th Cir. 2003) (citation omitted). "[S]ufficient time for discovery is especially important when relevant facts are exclusively in the control of the opposing party." *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 968 (10th Cir. 2021). Nonetheless, Rule 56(d) "does not operate automatically," *id.*, and "[a]lthough discovery is the norm prior to granting summary judgment, a party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion." *Trans-Western Petroleum, Inc. v. United States Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016). Rather, a party invoking the protection of Rule 56(d) "must show how additional time will enable him to rebut the movant's allegations of no genuine issue of fact." *Jensen*, 998 F.2d at 1554. Accordingly, in this Circuit, a nonmoving party requesting additional discovery under Rule 56(d) must specify in an affidavit or declaration: (1) "the probable facts not available"; (2) "why those facts cannot be presented currently"; (3) what steps have been taken to obtain these facts"; and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Adams*, 30 F.4th at 968.

## DISCUSSION

Plaintiffs argue that it is an undisputed fact that MAS "failed to secure the fuel line to fuel injector 3, causing a fuel leak, that resulted in the fire [to the RV] and consequent damages."

4

Doc. 30 at 5. Based on this undisputed fact, Plaintiffs further argue, there is no genuine issue remaining as to whether MAS breached its duty of reasonable care to the Garrisons or whether MAS breached the implied warranty of merchantability. *Id.* at 5-7. MAS, however, does not agree with Mr. Ott's conclusions as to the fire's origin and cause, and "denies that it caused or contributed to the fire." Doc. 32 at 3. But MAS argues that it is not able to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial" to rebut Plaintiffs' Motion for summary judgment, because, as of the time of MAS's response, "no discovery ha[d] occurred yet with respect to the facts." *Id.* at 4. For this reason, MAS seeks Rule 56(d) relief, asking the Court to deny Plaintiffs' Motion until fact and expert discovery has been completed.

As required by Rule 56(d), in support of its request, MAS submitted the Declaration of its counsel, David. E. Bridges. Doc. 33. In his Declaration, as to the probable facts not available, Mr. Bridges delineates several categories of discovery that MAS asserts are necessary to rebut Plaintiffs' Motion. Specifically, Mr. Bridges explains that there are several witnesses who have information regarding the activities involving the RV, claims, and alleged damages whom MAS intends to depose, including first responders, the Garrisons, Progressive representatives, third-party designers, manufacturers, dealers, and other service providers, and Plaintiffs' liability and damages experts. *Id.* ¶ 20. Mr. Bridges notes that it is essential for MAS to take the Garrisons' deposition, as they "were the original purchasers of the [RV] and were in control of it prior to and at the time of the accident." *Id.* ¶ 21. Similarly, Mr. Bridges notes that MAS's origin and cause experts, including a fire scene origin and cause investigator and a forensic electrical engineer, continue to investigate the origin and cause of the fire, and need to "perform a firsthand, independent examination of the motor coach, all of its systems and components, and

5

all evidence related to this matter to meaningful opine on the origin and cause of the incident, the standard of care that applies to MAS, and MAS's alleged failure to meet this standard of care." *Id.* ¶ 23. Without an inspection of the evidence, which is solely in Plaintiffs' control, MAS's experts cannot complete their analysis and opinions and author a report. *Id.* ¶¶ 28-29. The fact and expert witness-related discovery identified by Mr. Bridges thus relates to liability issues and as such, is necessary to respond to Plaintiffs' Motion. *See Carpenter v. Am. Bankers Ins. Co. of Fla.*, No. 23-CV-541, 2024 WL 1468354, at *2 (N.D. Okla. Apr. 4, 2024).

Mr. Bridges' Declaration also makes clear the reason why the facts necessary to rebut Plaintiffs' Motion cannot be presented, namely, because Plaintiffs filed that Motion before any meaningful discovery had been conducted. In other words, MAS "had no opportunity to obtain the relevant facts because [Plaintiffs'] motion is premature at this stage." *StoneX Commodity Solutions LLC v. Bunkley*, No. 23-CV-735, 2024 WL 3785651, at *3 (D.N.M. Aug. 12, 2024). Notably, Plaintiffs filed their Motion "within one week of the parties conferring and agreeing to the fact and expert discovery deadlines" – deadlines that were still several months away. Doc. 33 ¶ 24. As of the date of MAS's response, the only discovery completed was service of Rule 26(a)(1) Initial Disclosures, the service of written discovery and evidence inspection requests on Progressive, and the disclosure of Plaintiffs' expert. *Id.* ¶ 15. At that point, MAS had not yet had the opportunity to serve written discovery requests on the Garrisons, and Plaintiffs had not yet answered any discovery requests or made the evidence in their control available for inspection. *Id.* ¶¶ 18-19.

Additionally, Mr. Bridges' Declaration outlines the steps taken to obtain the necessary facts, namely, retaining experts, serving written discovery and evidence inspection requests, and planning for the deposition of witnesses, including the Garrisons themselves. *See, generally, id.*

Finally, Mr. Bridges' Declaration explains that additional time will enable MAS to obtain the necessary facts by allowing MAS to "complete fact discovery and expert discovery related to the [RV], related components, and evidence, and Plaintiffs' experts." *Id.* ¶ 33.

Plaintiffs do not contest the timing of their Motion, or the fact that discovery had not been completed when they filed their Motion. They nonetheless object to the request, arguing that MAS's support for its request, namely, its counsel's Declaration, is insufficient, and that MAS has not cooperated with Plaintiffs' efforts to address Rule 56(d) concerns and keep this matter moving forward. Doc. 38 at 2-7. Rule 56(d) does not require a separate motion, only an affidavit or declaration showing "that, for specified reasons, [MAS] cannot present facts essential to justify its opposition." MAS has satisfied this requirement. The Court, however, is sympathetic to Plaintiffs' interests in avoiding unnecessary delays in reaching a resolution of their Motion. For that reason, and because the discovery deadlines have now passed, the Court will order that MAS file its response in opposition to Plaintiffs' Motion no later than 60 days after the date of entry of this Memorandum Opinion and Order.

## CONCLUSION

Discovery had just begun at the time that Plaintiffs filed their motion for summary judgment, and MAS has adequately shown that, as a result, it was unable to present facts essential to justify its opposition to that motion. Accordingly, MAS is entitled to Rule 56(d) relief. As the discovery deadline has now passed, MAS shall be afforded 60 days from the date of entry of this Memorandum Opinion and Order to respond to Plaintiffs' Motion.

**IT IS THEREFORE ORDERED** that the Court defers consideration of Plaintiffs' Motion for Partial Summary Judgment Re: Liability [Doc. 30], consistent with this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that MAS shall file its response in opposition to Plaintiffs' Motion no later than 60 days after entry of this Memorandum Opinion and Order, and Plaintiffs shall file their reply no later than 21 days after the filing of MAS's response.

DATED this 13th day of September 2024.

_____
MARTHA VAZQUEZ
Senior United States District Judge